IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ben Robert Stewart,<br><br>Petitioner,<br><br>v.<br><br>Warden of Tyger River Correctional Institution,<br><br>Respondent. | C/A No. 1:25-cv-2909-JFA-SVH<br><br><br>**MEMORANDUM OPINION AND ORDER** |

## I.     INTRODUCTION

Petitioner Ben Robert Stewart, ("Petitioner"), proceeding pro se, brings this action for habeas corpus relief under 28 U.S.C. § 2254. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for initial review.

Currently before the Court is Petitioner's Appeal, (ECF No. 58), of the Magistrate Judge's Order (ECF No. 45) denying his Motion for a Restraining Order against several individuals, (ECF No. 34), Motion to Appoint Counsel, (ECF No. 35), and Motion to Amend his Petition, (ECF No. 36). Additionally, Respondent filed a Motion for Summary Judgment. (ECF No. 55). After reviewing this Motion and all responsive briefing, the Magistrate Judge assigned to this action prepared a thorough Report and Recommendation ("Report"), which opines that Respondent's Motion for Summary Judgment should be granted. (ECF No. 69).  The Report sets forth, in detail, the relevant facts and standards of

law on this matter, and this Court incorporates those facts and standards without a full recitation. *Id.*

Petitioner filed objections to the Report, (ECF Nos. 81 & 84), to which Respondent filed Replies. (ECF Nos. 82 & 86). Thus, this matter is ripe for review. Petitioner also filed a Motion to Remand after the Report was issued. (ECF No. 84). The Court addresses Petitioner's Appeal of the Magistrate Judge's Order, (ECF No. 58), and Petitioner's objections to the Report herein.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 72(a) governs appeals from rulings of a magistrate judge on non-dispositive matters:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. Proc. 72(a).

Rule 72(a), and its statutory companion, *see* 28 U.S.C. § 636(b)(1), place limits on a party's ability to seek review of a magistrate judge's non-dispositive order. Specifically, the district court is required to "defer to the magistrate judge's ruling unless it [was] clearly erroneous or contrary to law." *Allen v. Sybase, Inc.,* 468 F.3d 642, 658 (10th Cir.2006) (emphasis added) (quoted authority omitted).

2

A decision is clearly erroneous when, following a review of the entire record, a court "is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.,* 333 U.S. 364, 395 (1948). A decision is "contrary to law" when it "fails to apply or misapplies relevant statutes, case law or rules of procedure." *Transamerica Life Ins. Co. v. Lincoln Nat'l Life Ins. Co.,* 592 F.Supp.2d 1087, 1093 (N.D.Iowa 2008).

"Although the 'contrary to law' standard permits plenary review of legal conclusions, decisions related to discovery disputes and scheduling are accorded greater deference." *Abdullah-Malik v. Bryant*, No. 1:14-cv-109, 2014 WL 4635567, at *1 (D.S.C. Sept. 15, 2014) (quoting *Stonecrest Partners, LLC v. Bank of Hampton Roads*, 770 F. Supp. 2d 778, 782 (E.D.N.C. 2011)).

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life*

3

*& Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005). Then, the court may accept, reject, or modify the Report or recommit the matter to the magistrate judge. 28 U.S.C. § 636(b).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

4

### III.    DISCUSSION

As stated above, currently pending before this Court is an appeal of the Magistrate Judge's Order, and objections to the Magistrate Judge's Report and Recommendation. Both are addressed herein.

#### A.    <u>Appeal</u>

As part of his habeas action, Petitioner filed a Motion for a Restraining Order against several individuals, (ECF No. 34), a Motion to Appoint Counsel, (ECF No. 35), and a Motion to Amend his petition to include a claim concerning the exclusion of potential witness testimony. (ECF No. 36). After reviewing all responsive briefing, the Magistrate Judge issued an order denying all three motions. (ECF No. 45). Thereafter, Petitioner filed a motion labeled as one made pursuant to Fed. R. Civ. P. 59(a), (d), and (e). (ECF No. 58). This motion has been construed as an appeal of the Magistrate Judge's non-dispositive rulings to the District Court and has been referred to the Undersigned for review.

The order denying the motions provides a complete and thorough explanation of the law and procedural history relevant to this action. (ECF No. 45). The background is incorporated herein by reference and no further recitation is necessary. In Petitioner's appeal to this Court, he indicates he is not challenging the Magistrate Judge's ruling on his Motion for a Restraining Order. (ECF Nos. 58 & 59 "I waived my request for (TRO)"). Accordingly, Petitioner focuses his challenge on the denial of his Motion for Appointment of Counsel and Motion to Amend his petition. *Id.* Both issues are addressed below.

5

1.     Motion for Appointment of Counsel

The Magistrate Judge denied Petitioner's request for appointment of counsel because Petitioner has no constitutional right to counsel in federal habeas proceedings, *see Pennsylvania v. Finley,* 481 U.S. 551, 555-56 (1987), and Petitioner's alleged history of mental illness did not present an exceptional circumstance that warranted appointment of counsel. (ECF No. 45, pgs. 3–4). In his appeal, Petitioner states "[t]he Court denied Petitioner's request for appointed counsel however, Petitioner is incompetent and needs assistance and is indigent." (ECF No. 58, pgs. 7–8). Petitioner argues his circumstances are similar to the plaintiff in *Evans v. Kuplinski*, and accordingly an exceptional circumstance exists that warrants appointment of counsel. 713 F. App'x 167, 171 (4th Cir. 2017). However, as the Magistrate Judge indicates, Petitioner's circumstances are distinguishable from that of *Evans*. (ECF No. 45, f.n. 3).

In *Evans*, the § 1983 plaintiff had a long history of mental illness and was confined for the entirety of the subject litigation to a psychiatric facility that did not allow him to conduct legal research. 713 F. App'x at 171. Further, the *Evans* court noted that the § 1983 claim brought by the plaintiff implicated a complex but colorable tolling issue. *Id*. Such circumstances are not present here. First, Petitioner's reliance on his circumstances as a social security dependent accompanied by an allegation he suffers from a mental illness does not present the same mental illness concerns as that of the *Evans* plaintiff. Further, Petitioner has not been confined to a facility which rendered him "complete[ly] [u]nabl[e] to conduct legal research at any point during the proceedings before the" Magistrate Judge sufficient to "support[] a conclusion that he was unable to pursue his claims." *Id*.

6

Additionally, Petitioner does not have a comparable colorable complex legal argument similar to that of the *Evans* plaintiff. Accordingly, Petitioner's circumstances are distinguishable from that of *Evans* and other cases where exceptional circumstances required appointment of counsel. *See also Jenkins v. Woodard,* 109 F.4th 242, 245 (4th Cir. 2024) (determining § 1983 plaintiff presented exceptional circumstances that warranted appointment of counsel where case reached summary judgment, discovery was conducted, and plaintiff had a colorable claim and lacked the capacity to present it).[1]

This Court finds no clear error in the Magistrate Judge's denial of Petitioner's Motion to Appoint Counsel. A petitioner has no constitutional right to counsel in a federal habeas petition. Further, no circumstances in Petitioner's situation warrant a finding the Magistrate Judge's denial of appointment of counsel was clearly erroneous or contrary to law. Accordingly, the Magistrate Judge's denial of Petitioner's Motion to Appoint Counsel, (ECF No. 35), is affirmed.

### 2.     Motion to Amend Petition

The Magistrate Judge also denied Petitioner's request to amend his Petition to include a claim concerning the testimony of Lowanda Valeen Hudson. (ECF No. 45, p. 5). The Magistrate Judge denied this request because she determined the attempted amendment was constrained by the one-year statute of limitations imposed by the

---

[1]   The Magistrate Judge noted in her order that when the Motion for Appointment of Counsel was filed, Respondent had not yet responded to the petition and discovery, nor had an evidentiary hearing been ordered. The Magistrate Judge further indicated that "[i]f the court elects, for example, to hold an evidentiary hearing, Petitioner may renew his motion, or the court may appoint counsel *sua sponte* at that time." (ECF No. 45, pgs. 4–5).

Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), and the attempted amendment does not relate back to the original habeas petition. *Id.* at 5–7. In his appeal, Petitioner argues the Magistrate Judge erred in not considering S.C. Code Ann. § 15-39-30 and case law interpreting the statute. This argument is without merit.

S.C. Code Ann. § 15-39-30 states: "Executions may issue upon final judgments or decrees at any time within ten years from the date of the original entry thereof and shall have active energy during such period, without any renewal or renewals thereof, and this whether any return may or may not have been made during such period on such executions." This statute is not applicable in habeas proceedings. Rather, the statute has been applied in the context of executing a judgment such that "a creditor has ten years to execute on the judgment from the date of its entry …." *Gordon v. Lancaster*, 425 S.C. 386, 390, 823 S.E.2d 173, 175 (2018).

This Court finds no clear error in the Magistrate Judge's determination that this amendment is sought outside the time period allowed by the one-year statute of limitations imposed by the AEDPA, and that the amendment does not relate back to the original habeas petition. Petitioner's appeal arguing the application of S.C. Code Ann. § 15-39-30 provides no basis for this Court to find any error. Accordingly, the Magistrate Judge's denial of Petitioner's Motion to Amend, (ECF No. 36), is affirmed.

Consequently, Petitioner's Appeal of the Magistrate Judge's Order (ECF No. 45) is denied.

B.     Report and Recommendation

As stated above, the relevant facts and standards of law on this matter are incorporated from the Report and therefore a full recitation is unnecessary here. (ECF No. 69). However, a brief summary of the facts is necessary to address Petitioner's objections. In short, Petitioner is challenging his state court conviction resulting from a jury trial for: (1) accessory before the fact of murder; (2) accessory before the fact of armed robbery; (3) accessory before the fact of kidnapping; (4) accessory after the fact of armed robbery, kidnapping, and murder; (5) criminal conspiracy; and (6) possession of a firearm during the commission of a violent crime.

In his habeas petition, Petitioner raises the following grounds: (1) whether the appellant was "denied due process because of a hearing as to competency to stand trial, with insufficient determination as to the mental competency of the Appellant;" (2) whether the trial court "spoke as an expert as to the appellant's ability to conduct a defense while on psychiatric medication, constituted as a violation of the appellants due process;" (3) "[w]hether an expert is needed to determine a matter outside the common knowledge of a lay person;" and (4) "whether a conviction of the Appellant while he was incompetent at trial violates due process." (ECF No. 13) (errors in original).

The Report recommends this Court deny Petitioner's "request for a stay or remand and, instead, find that he has exhausted his state court remedies." (ECF No. 69, p. 30). Further, in evaluating the merits of Petitioner's four grounds, the Report recommends this Court grant Respondent's Motion for Summary Judgment because Petitioner cannot show

the Post Conviction Relief ("PCR") court's determination was a result of an unreasonable application of Supreme Court precedent or an unreasonable determination of the facts. *Id.* at 30–35.

In response to the Report, Petitioner makes obscure objections that appear to allege Respondent waived, defaulted, and forfeited arguments in state proceedings; the Magistrate Judge erred in considering records of the trial and pre-trial hearings before the state court; and the state proceedings constituted a "sham legal process or otherwise abuse of process because there is no probable cause." (ECF Nos. 81 & 84). These objections are addressed herein.

First, this Court overrules Petitioner's objection that Respondent has waived, defaulted, or forfeited arguments due to actions in state post-collateral proceedings. To support this argument, Petitioner cites *Stokes v. Stirling,* 64 F.4th 131, 140 (4th Cir. 2023). This case is inapplicable to Petitioner's argument as it addresses forfeiture principles in appellate proceedings, not state post-collateral proceedings. Further, it is not clear where Respondent can be found to have waived, defaulted, or forfeited any arguments that are presently before this Court. Accordingly, this Court overrules Petitioner's objection.

Second, this Court also overrules Petitioner's objection that the Magistrate Judge erred in considering records of the trial and pre-trial hearings before the state trial court. As noted in the Report, Rule 5(c) of the rules governing § 2254 petitions discusses the contents required in an answer and reply to a § 2254 petition. Rule 5(c) states: "The answer must also indicate what transcripts (of pretrial, trial, sentencing, or post-conviction

proceedings) are available, when they can be furnished, and what proceedings have been recorded but not transcribed. The respondent must attach to the answer parts of the transcript that the respondent considers relevant …." Accordingly, Petitioner's argument that the Magistrate Judge erred in considering these documents, which Respondent was required to submit, is ineffective. Thus, Petitioner's objection is overruled.

Petitioner also objects to the Report, stating that the PCR record "was not cited or used in this case[,] in [] Respondent's motions[,] or the [Report]." (ECF No. 81, p. 8). He avers this creates a genuine issue of material fact. This objection is wholly without merit. The Report cites the PCR record throughout the entirety of its recitation of the background and legal analysis. Thus, this objection is overruled.

Petitioner does not appear to lodge a specific objection to the Report's overall recommendation that this Court grant Respondent's Motion for Summary Judgment as to the four grounds in the habeas petition. (ECF No. 69, p. 30–35). However, due to the obscurity of Petitioner's objections, this Court reviewed the Report's recommendation *de novo* and arrived at the same conclusion. All four of Petitioner's grounds argue the trial court erred in determining he was competent to stand trial. In ground one Petitioner contends he was "denied due process because of a hearing as to competency to stand trial, with insufficient determination as to the mental competency of the Appellant." (ECF No. 13) (errors in original). Grounds two and three argue the trial court inappropriately spoke as an expert in determining that Petitioner was able to conduct a defense while on

11

psychiatric medication. *Id.* Finally, in ground four, Petitioner essentially argues that his conviction violates due process because he was incompetent at trial. *Id.*

In reviewing a 28 U.S.C. § 2254 petition, this Court is required to give deference to the state court proceedings. Accordingly, this Court reviews the state court record to evaluate whether it reveals an unreasonable application of Supreme Court precedent or an unreasonable determination of the facts. The Court is satisfied that neither situation is present here. The record reflects the trial court judge addressed the issue of Petitioner's mental competency on multiple occasions. Further, an evaluation was ordered by the trial court judge and conducted by the Department of Mental Health which found that Petitioner was competent to stand trial. (ECF No. 54-1, p. 85). The record indicates this evaluation was conducted by mental health professionals, not the trial court. Thus, any argument claiming the trial court inappropriately acted as an expert in determining Petitioner was competent is ineffective. Accordingly, the Court finds no misapplication of the law or unreasonable determination of fact in the state court records. Further, to the extent Petitioner argues he has unexhausted grounds that warrant a stay or remand of these proceedings, the Court agrees with the Report that this argument fails. Petitioner has already exhausted his appeal rights in state court. Thus, he argues that there was a conspiracy against him which prevented his appeal of PCR claims. (ECF No. 13, p. 12). This unsupported argument does not warrant a determination that this petition should be considered mixed and a stay or remand should be granted.

Accordingly, Petitioner's objections are overruled. Further, Petitioner's Motion to Remand (ECF No. 84) currently pending before this Court is dismissed for the reasons stated herein.

## IV.    CONCLUSION

After carefully reviewing the appliable laws, the record in this case, and the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference. (ECF No. 69). Moreover, Respondents' Motion for Summary Judgment (ECF No. 55) is granted, and the petition is dismissed. Further, Petitioner's Motion to Remand (ECF No. 84) is denied and Petitioner's appeal of the Magistrate Judge's Order (ECF No. 58) is denied.

It is further ordered that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[2]

---

[2] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."

IT IS SO ORDERED.

March 11, 2026                           Joseph F. Anderson, Jr.
Columbia, South Carolina                 United States District Judge